### TEAGUE v. RIDGWAY–THAYER CO.

#### (Supreme Court, Appellate Term. June 12, 1911.)

1. JUDGMENT (§ 125*)—DEFAULT—PROOF—RECITALS.

    Where the affidavit of the managing clerk of plaintiff's attorney contained allegations sufficient to prove defendant's default, a default judgment is valid, though the judgment roll showed no default.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 227; Dec. Dig. § 125.*]

2. JUDGMENT (§ 144*)—DEFAULT—VALIDITY.

    Where defendant's motion to set aside the service of summons, which had been granted in the trial court, was reversed on appeal, and the form of the order entered upon the reversal did not preserve to defendant its right to appear and plead, defendant cannot complain that a default judgment was entered prematurely.

    [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 255; Dec. Dig. § 144.*]

3. JUDGMENT (§ 145*)—DEFAULT—VACATING DEFAULT.

    Where defendant sets up a meritorious ground of defense against a default judgment, the default should be opened.

    [Ed. Note.—For other cases, see Judgment, Dec. Dig. § 145.*]

Appeal from City Court of New York, Special Term.

Action by Merrill A. Teague against the Ridgway-Thayer Company. There was a judgment by default in favor of plaintiff, and from an order denying a motion to vacate the judgment, defendant appeals. Order reversed.

See, also, 130 N. Y. Supp. 84.

Argued before SEABURY, GUY, and BIJUR, JJ.

James B. Sheehan (Francis Rooney, of counsel), for appellant.

Maloney & Harding (Edmund F. Harding, of counsel), for respondent.

BIJUR, J. Plaintiff brought an action to collect commissions on advertising procured for defendant under a contract. After defend-

ant's motion to set aside the service of the summons had been granted by the City Court, and reversed by the Appellate Term of the Supreme Court, judgment was taken by default.

Thereupon, with a desire to do away with further litigation, plaintiff promised to delay issuing execution until the money owing on the advertising contract might be collected, and the defendant undertook to collect the amount as soon as possible. This is confirmed by the fact that plaintiff actually did withhold execution until the amount had been collected. Then, upon attempting to make the payment, the parties could not agree upon the state of their account, and the controversy was reopened. Thereafter the present motion was made, and the delay in making it is excused by the efforts of the parties to settle without litigation.

[1] Appellant contends that the papers submitted to the clerk of the court upon entering the judgment did not show that there was a default. It is true that the judgment roll did not show a default, but the affidavit of the managing clerk of plaintiff's attorneys contains allegations quite sufficient to prove that fact.

[2] Appellant's contention that the judgment entered upon default was premature is of doubtful validity, as it is questionable whether the form of order entered upon the reversal was adequate to preserve its rights to appear and plead.

[3] The defendant, however, besides a general denial, sets up a counterclaim against the plaintiff, and alleges that there is an outstanding assignment of plaintiff's cause of action, thus showing meritorious grounds of defense.

The order denying the motion to open the default is reversed, with $10 costs and disbursements, and the motion granted, upon payment to plaintiff of full costs of this action to date, less the costs and disbursements of this appeal. All concur.